```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 1:17-00193

LARON SAFFORD

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion for compassionate release. (ECF No. 45.) Defendant requests compassionate release due to his significant health problems in light of the COVID-19 pandemic. (See id.) Defendant also states he is scheduled for release on June 13, 2020. (Id.) While defendant states he is aware of the requirement to exhaust administrative remedies, he has not yet done so and instead seeks the court's involvement while his request is processing. (See id.)

On May 14, 2020, the court ordered the government to file a response to defendant's motion. (ECF No. 47.) The government filed their response on May 15, 2020, arguing that the court should deny defendant's motion because defendant has failed to show either that he has exhausted his administrative remedies or that there has been a 30-day delay in his warden's response to his compassionate release request. (ECF No. 49.) Additionally, the government contends that even if defendant had met this prerequisite burden, defendant has failed to show that

"extraordinary and compelling reasons" warrant a reduction in his sentence. (Id.) The government explains that defendant was previously released to a halfway house on January 9, 2020 and was placed on home confinement on February 14, 2020, only to commit misconduct which resulted in his return to custody in March 2020. (Id.) Defendant then became eligible for release to home confinement on April 20, 2020, but on April 23, 2020, he was denied release to home confinement both because he did not have a "minimum risk" recidivism level and because he had serious disciplinary actions in the past year. (Id.)

For the following reasons, the court **DENIES without prejudice** defendant's motion for compassionate release.

I. **Analysis**

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests to the court, defendants must first ask BOP via the administrative process and give BOP thirty days to respond. See id. § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment." Id. § 3582(c)(1)(A)(i). Along with the defendant in this case, numerous defendants across the country have cited the unusual circumstances presented by COVID-

19 as a basis for compassionate release and argued that the exhaustion requirement should be excused. See, e.g., United States v. Wright, 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020).

Though some district courts have waived Section 3582's exhaustion requirement because of the COVID-19 pandemic,[1] the majority of district courts — albeit some with little to no discussion — have found that failure to exhaust administrative remedies is a death knell to a defendant's request for compassionate release.[2]

---

[1] See, e.g., United States v. Paul Gileno, 2020 WL 1916773, at *5 (D. Conn. Apr. 20, 2020) (finding that the exhaustion requirement should be waived as undue delay in defendant's release could result in catastrophic health consequences for him in light of his underlying health conditions and the COVID-19 pandemic); United States v. Jones, Criminal No. 3:11-cr-249-MHL, ECF No. 47 (E.D. Va. Apr. 3, 2020) (finding that the defendant's "unique circumstances and the exigency of a rapidly advancing pandemic" justified waiver of the exhaustion requirement); United States v. Perez, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (finding that the defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [Metropolitan Correctional Center], justifies waiver of the exhaustion requirement," because the defendant had "less than three weeks remaining on his sentence" and suffered "severe side effects" from two surgeries); United States v. Calvin, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (finding that "all three exceptions to the exhaustion requirement apply to Defendant's request").

[2] See, e.g., United States v. Wright, 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020); United States v. Feiling, 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020); United States v. Underwood, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020); United States v. Sundblad, 2020 WL 1686237, at *2 (D.S.C. Apr. 7, 2020); United States v. Carver, 2020 WL 1604968, at *1 (E.D. Wa.

Of the federal appellate courts, only the Sixth Circuit and the Third Circuit have ruled on the issue of exhaustion of administrative remedies in the context of Section 3582. See United States v. Alam, __ F.3d __, 2020 WL 2845694 (6th Cir. June 2, 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The Fifth Circuit mentioned the possibility of waiver, without ruling on the issue. Valentine v. Collier, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Higginson J., concurring).

In Alam, the Sixth Circuit found that inmates are required to exhaust administrative remedies before filing a motion for compassionate release. 2020 WL 2845694, at *5 (dismissing a compassionate release claim without prejudice due to failure to exhaust administrative remedies); see also id. at *2 ("this exhaustion requirement . . . remains a mandatory condition").

The Third Circuit in Raia did not discuss in-depth the potential exceptions to administrative exhaustion. See Raia, 954 F.3d at 597. But the court denied the defendant's motion to

---

Apr. 1, 2020); United States v. Clark, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Williams, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); United States v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); United States v. Zywotko, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); United States v. Eberhart, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); United States v. Hernandez, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); United States v. Cohen, 2020 WL 1428778. at *1 (S.D.N.Y. Mar. 24, 2020).

reduce his sentence outright, holding that any remand would be futile because of the defendant's failure to comply with Section 3582's exhaustion requirement. See id. The Third Circuit described the exhaustion requirement as a "glaring roadblock foreclosing compassionate release" to a defendant who failed to exhaust his or her administrative remedies. Id.

Precedent from the Sixth Circuit, Third Circuit, and Fifth Circuit is not binding on this court. And neither is the court bound by other district court opinions. These decisions, however, provide informative guidance. This court finds particularly persuasive the reasoning contained in United States v. Thompson, 2020 WL 2121371 (S.D.W. Va. May 5, 2020) (Goodwin, J.). There, the court denied a defendant's motion for compassionate release due to his failure to exhaust administrative remedies because the BOP, and not courts, have "more expertise and resources" to make such release determinations. Id. at *4. This court agrees that removing the BOP's expertise is unwise, and also would fly in the face of the statutory design that provides the mechanism for compassionate release.

Section 3582 contemplates the potentially urgent nature of compassionate release decisions and yet does not provide for exigent circumstances. See 18 U.S.C. § 3582(c)(1)(A). Unlike many other statutory exhaustion provisions that require

5

exhaustion of all administrative remedies before a claim can be brought in court, "Section 3582 provides an alternative." Wright, 2020 WL 1922371, at *2; see also United States v. Underwood, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020). The statute requires "exhaustion of all administrative rights or the lapse of 30 days from the warden's receipt of the inmate's request for compassionate release, whichever is earlier." See id. (citing 18 U.S.C. § 3582(c)(1)(A)). "This alternative suggests that the Congress recognized that even if compassionate release requests cannot always await the full administrative process to be completed, the BOP should have at least 30 days to act on such a request." Id.

Moreover, the exhaustion requirement indicates that the Congress intended BOP to play a meaningful role in the compassionate release process. See Raia, 954 F.3d at 597. The agency's expertise and access to necessary information about defendants makes it uniquely situated to handle compassionate release decisions. "The court may of course review those judgments, but the Congress expressed its clear intent that such review would come second, with the benefit of the BOP's initial assessment." Wright, 2020 WL 1922371, at *2.

## II. Conclusion

Defendant has not established that he has exhausted his administrative remedies or that thirty days have lapsed from the

6

warden's receipt of defendant's request for compassionate release. Thus, defendant's motion for compassionate release is **DENIED without prejudice.** The court makes no finding at this time whether defendant would satisfy the "extraordinary and compelling reasons" necessary to warrant a reduction in his sentence pursuant to 18 U.S.C. § 3581(c).

The Clerk is directed to send a copy of this Order to counsel of record, any unrepresented parties, the Warden at the Federal Medical Center in Lexington, Kentucky, and the Probation Office of this court.

It is SO ORDERED this 4th day of June, 2020.

ENTER:

David A. Faber
Senior United States District Judge